**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EVANS AVE CLEANERS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ACADIA INSURANCE COMPANY** | § | |
| **AND CHRISTOPHER MICHELS** | § | |

*Removed From*

**CAUSE NO. 067-279476-15**

| | | |
|---|---|---|
| **EVANS AVE CLEANERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ACADIA INSURANCE COMPANY** | § | |
| **AND CHRISTOPHER MICHELS** | § | |
| | § | |
| **Defendants.** | § | **67TH JUDICIAL DISTRICT** |

---

**ACADIA INSURANCE COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE OF THIS COURT:

Please take notice that Acadia Insurance Company, a defendant in the above-captioned action, hereby notes the removal of this civil action to the United States District Court for the Northern District of Texas, Fort Worth Division, from the 67th Judicial District Court of Tarrant County, Texas, as provided by 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are more particularly stated as follows:

## I.    PROCEDURAL HISTORY

1.    On June 29, 2015, Evans Ave Cleaners filed its Original Petition in Tarrant County, Texas.[1]  In its Original Petition, Plaintiff named two defendants, Acadia Insurance Company ("Acadia") and Christopher Michels ("Michels").[2]

2.    Defendant Acadia was served with Plaintiff's Original Petition on July 6, 2015.

3.    Defendant Michels was served with Plaintiff's Original Petition on July 3, 2015.

## II.    TIMING

4.    This Notice of Removal is filed within thirty (30) days of receipt of the first service of the Original Petition on Acadia, and is therefore timely filed under 28 U.S.C. §1446(b).

## III.    DIVERSITY

5.    Plaintiff's Original Petition establishes that the United States District Court for the Northern District of Texas, Tarrant County Division, has jurisdiction by reason of the diversity of citizenship of the parties.

6.    According to its Original Petition, it is a business that resides in Texas.[3]  For purposes of removal, it must therefore be presumed that Plaintiff is now, and was at the time this action was commenced, a citizen of the Texas.

7.    As Plaintiff alleges in its Original Petition, Defendant Acadia is a foreign insurance company.[4]  Indeed, Acadia is an insurance corporation organized under the law of the State of New Hampshire with its principal place of business in Maine.  This has not changed since the time the action was commenced.

---

[1] Plaintiff's Original Petition
[2] *Id.*
[3] *Id.* at § II.
[4] *Id.*

8.    Plaintiff alleges that defendant Michels is a citizen of the state of Texas.[5] Although Michels is a citizen of the state of Texas, he has been improperly joined as a defendant in this case in an effort to defeat diversity of citizenship.

## A.    Improper Joinder of Michels[6]

9.    "The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has became a popular tactic."[7]

10.    A defendant may be disregarded as a party if the court determines that its joinder is an improper device to defeat diversity jurisdiction and prevent removal.[8]  To establish that a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, the removing party must prove that (a) there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or (b) that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.[9]  Whether a plaintiff has stated a valid cause of action depends upon and is tied to the *factual fit* between the

---

[5] *Id.*

[6] *See also* Brief in Support of Removal, being filed herewith and incorporated herein by reference.

[7] *Gonzalez v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 67979 (N.D. Tex. May 27, 2015); s*ee also*, e.g., *Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *1 (N.D. Tex. Sept. 25, 2014); Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015) [*7] ; -SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No.4:15-CV-213A, 2015 U.S. Dist. LEXIS 61789, 2015 WL 2234912, at *1 (N.D. Tex. May 12, 2015); Vann v.Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 U.S. Dist. LEXIS 61793, 2015 WL 2250243 at *1 (N.D. Tex. May 12, 2015); Cano v. Allstate Texas Lloyds, No. 4:15-CV-096-A, 2015 U.S. Dist. LEXIS 63477, at *1 (N.D. Tex. May 14, 2015).*

[8] *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004)(adopting the term "improper joinder" as being more consistent with statutory language than "fraudulent joinder," which has been used in the past).

[9] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)

plaintiff's allegations and the pleaded theory of recovery.[10]   The petition must state specific "facts warranting liability" in order to defeat removal.[11]

11.     A determination of improper joinder is made based on the causes of action alleged in the complaint at the time of removal.[12]    In this case, Plaintiff's lawsuit arises from a first-party insurance claim related to Plaintiff's property located in Tarrant County, Texas. Specifically, Plaintiff's lawsuit relates to an insurance claim for alleged wind/hail storm damage loss to Plaintiff's property, which allegedly occurred during the terms of the policy.[13]   Plaintiff alleges that Acadia assigned Michels, as the adjuster, on the loss. [14]

12.     Plaintiff asserts claims against Acadia for breach of contract; claims against Michels for negligence, gross negligence and negligent misrepresentation; and claims against both Acadia and Michels for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practice Act, breach of the duty of good faith and fair dealing, fraud, conspiracy and aiding and abetting.[15]   Plaintiff seeks actual damages, pre- and post-judgment interest, attorney's fees, statutory penalties, exemplary damages and costs of court.[16]  However, a plaintiff "may not rest upon the mere allegations..[in the] pleadings."[17] The "mere theoretical possibility of recovery under local law" does not preclude removal.[18]

13.     Plaintiff's factual allegations regarding Michels do not form the basis of an independent cause of action against him, as opposed to the carrier, Acadia.  Rather, Plaintiff filed suit against Michels for the same reason that Plaintiff filed suit against Acadia.  He is unhappy

---

[10] *Id.* at 701.
[11] *Id.*
[12] *Tedder v. F.M.C. Corp.*, 590 F.2d 115 116 (5th Cir. 1979).
[13] Plaintiff's Original Petition, § V.
[14] *Id.*
[15] *Id.* at § VI.
[16] *Id.* at §§ VIII – XI.
[17] *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir. 2000).
[18] *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4 (5th Cir. 2000).

that Defendants "failed to properly adjust the claims and Defendants [Acadia and Michels] have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for those losses such as those suffered by Plaintiff."[19]

14.     Plaintiff failed to distinguish between Michels' allegedly wrongful acts and those of Acadia, and therefore cannot recover from Michels because Michels' alleged actions are indistinguishable from the alleged actions of Acadia.[20]  Plaintiff's Original Petition fails to state that Defendant Michels acted outside his duties as an adjuster.[21]

15.     This is similar to the *Bailey v. State Farm Lloyds* case, which involved the improper joinder of two non-diverse adjusters who were in charge of inspecting the insureds' damaged property and corresponding with them about their insurance claim.[22] The *Bailey* court concluded that without elaboration on any actionable conduct on the part of the adjusters, the plaintiffs could not state a claim against them, and they were therefore improperly joined.[23]

16.     Formulaic recitations that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual.[24]

---

[19] *Id.* at § V.
[20] *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 U.S. Dist. LEXIS 37418 at *4–5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].")).
[21] *See Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 U.S. Dist. LEXIS 15236, (S.D. Tex. Apr. 12, 2001).
[22] *Id.* at *1–2
[23] *Id.*
[24] *Finkelman v. Liberty Mut. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 56813, 19–21 (S.D. Tex. Feb. 4, 2010); s*ee Lakewood Chiropractic*, 2009 U.S. Dist. LEXIS 99854 at *3 (holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co*., 2009 U.S. Dist. LEXIS 43420 at *3–4 (N.D. Tex.) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]"); *First Baptist*

17.    This case is nearly identical to the case of *Plascencia v. State Farm Lloyd's*.[25]  In fact, the allegations against the State Farm adjuster in that case are the same exact allegations against Union's adjuster, Michels, here.  This Court noted that a badge of improper joinder is "vividly demonstrated to be present by the nearly identical worded complaints (petitions) that are found in the appendix to the response to the motion to remand.  Those pleadings, all of which were prepared and filed in state court by the same group of lawyers, are pure boilerplate."[26]  The allegations against the  individual adjuster in *Plascencia* were found in paragraphs G, H, I, J and K.[27]  This Court found that a comparison of the wordings of paragraphs G, H, I, J and K of the five complaints (petitions) in that appendix were "identically worded except for the names of the non-diverse insurance adjusters."[28]  Likewise, in the instant case, the allegations against the individual adjuster, Michels, are found in paragraphs G, H, I, J and K, and the only difference is the insertion of the insurer's name, Union, and its adjuster's name, Michels.

18.    As this Court has previously found, "[t]he fact that those boilerplate pleadings, used by the same law firm in a multitude of state court suits, always have named as a defendant the Texas citizen insurance adjuster, all of whom were alleged in the boilerplate to have engaged

---

*Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., 2009 U.S. Dist. LEXIS 127436 at *6 (E.D. Tex.) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *Frisby v. Lumbermens Mut. Cas. Co.*, 2007 U.S. Dist. LEXIS 60654 at *4 (S.D. Tex.) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]").

[25] 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014).

[26] *Id.* at *17.

[27] *Id.* at *4-*6.

[28] *Id.* at *17.

in identical conduct, provides a strong suggestion that in each of those cases the filing law firm set upon a course of trying to prevent removal to federal court."[29]

19.     Because formulaic recitation of statutory elements and boilerplate allegations do not by themselves establish a reasonable basis to predict that a plaintiff can recover against an individual insurance adjuster, Plaintiff improperly joined Michels in this lawsuit.   Thus, Plaintiff's allegations are insufficient to create a reasonable basis to predict that the Plaintiff will be able to recover against Michels on any claim.   Plaintiff cannot recover from Michels, and Michels was therefore improperly joined.

20.     In this case, Plaintiff cannot recover against Michels for the causes of action pled against Michels.[30]   As such, Plaintiff's joinder of Michels was improper and this Court should disregard Michels' residence for purposes of determining whether complete diversity of citizenship exists.[31]

21.     Since Plaintiff is a citizen of Texas and Acadia is a citizen of states other than Texas, and because Michels has been improperly joined, diversity of citizenship exists among the parties.

## IV.   AMOUNT IN CONTROVERSY

22.     Plaintiff's Original Petition indicates that Plaintiff seeks monetary relief over $100,000.[32]   Plaintiff seeks actual damages, pre- and post-judgment interest, attorney's fees,

---

[29] *Id.* at *17 -*18.
[30] *See Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 937 (Tex. App.—Dallas 2007, no pet.); *see also Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 192 (Tex. 1998) (Insurance Code); *2 Fat Guys Inv., Inc. v. Klaver*, 928 S.W.2d 268, 272 (Tex. App.—San Antonio 1996, no writ); *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ).
[31] *Madison v. Vintage Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004).
[32] Plaintiff's Original Petition, ¶ VIII.

statutory penalties, exemplary damages and costs of court.[33]

23.    Accordingly, it is "facially apparent" that Plaintiff's claims likely exceed $75,000.00, which is all that is required to satisfy the amount-in-controversy requirement.[34]

24.    Moreover, Plaintiff also seeks to recover treble damages because it asserts Acadia's violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act was committed knowingly.[35]

25.    Therefore, it is clear that the amount in controversy exceeds the minimal jurisdictional requirements of the Court as set forth in 28 U.S.C. §1332(a).

## V.    ORIGINAL JURISDICTION

26.    Because there exists diversity of jurisdiction between the Plaintiff and Acadia, Michels was clearly improperly joined and the amount in controversy exceeds the minimal jurisdictional requirements, this Court has original jurisdiction of this case, pursuant to 28 U.S.C. §1332.  This case may be removed to this Court pursuant to 28 U.S.C. §1441.

## VI.    NOTICE TO STATE COURT

27.    Acadia has given notice of this removal to the County Court at Law of Kendall County, Texas.

## VII.    ATTACHMENTS

28.    All pleadings, process, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

## VIII.    CONSENT

29.    Defendant Michels consents to the removal of the state action to this Court.

---

[33] *Id.* at §§ VIII – XI.
[34] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[35] Plaintiff's Original Petition, ¶ VIII.

## IX.    CONCLUSION

30.    For the foregoing reasons, Acadia Insurance Company requests that this Court place this case on the docket of the United States District Court of the Northern District of Texas, Fort Worth Division.  Acadia Insurance Company further requests a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiff.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

By:  _/s/ Michael S. Beckelman_____

Michael S. Beckelman
Attorney In Charge
State Bar No. 24042401
michael.beckelman@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
Ph. (713) 353-2000
Fx. (713) 785-7780

**ATTORNEYS FOR DEFENDANT:
ACADIA INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel in accordance with the Federal Rules of Civil Procedure via certified mail, return receipt requested and/or via facsimile on the 31st day of July, 2015:

Ben Crowell
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, TX 78232

_/s/ Michael S. Beckelman_____
Michael S. Beckelman