**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **EVANS AVE CLEANERS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ACADIA INSURANCE COMPANY** | § | |
| **AND CHRISTOPHER MICHELS** | § | |

*Removed From*

**CAUSE NO. 067-279476-15**

| | | |
|---|---|---|
| **EVANS AVE CLEANERS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ACADIA INSURANCE COMPANY** | § | |
| **AND CHRISTOPHER MICHELS** | § | |
| | § | |
| **Defendants.** | § | **67TH JUDICIAL DISTRICT** |

---

**ACADIA INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Acadia Insurance Company, hereby provides this brief in support of its notice of removal.

## I.     EXECUTIVE SUMMARY

1.     Defendant, Christopher Michels (hereinafter "Michels"), is an adjuster for Defendant, Acadia Insurance Company (hereinafter "Acadia"), at all times relevant to this lawsuit.  Accordingly, none of the allegations against Defendant Michels should be considered

for the purposes of this Notice of Removal.

2.      This case involves an insurance claim and a dispute over the extent a storm damage loss to property located in Tarrant County, Texas.  As addressed in Acadia's Notice of Removal, Plaintiff articulated only non-specific and conclusory allegations against Michels, coupled with boilerplate, verbatim quotations from Insurance Code and DTPA.  The only reason Plaintiff joined Michels was in an improper attempt to destroy diversity.  Plaintiff does not differentiate Michels' conduct from the conduct of Acadia, which bears the non-delegable duty of investigation, estimation, decision and payment.

3.      Plaintiff has not, and cannot, differentiate the conduct of Michels from the conduct of Acadia.  Therefore, this Court should easily find that Plaintiff improperly joined Michels as a defendant in the above-styled and numbered cause.

## II.      FACTUAL BACKGROUND

4.      This is a dispute over the extent of covered damages to property located at 1163 Evans Avenue caused by storm damage during the term of an insurance policy, issued by Acadia.

5.      Acadia acknowledged Plaintiff's claim, and assigned the claim to Michels to adjust.   On or about June 29, 2015, Plaintiff filed suit in state court, asserting claims against Acadia for breach of contract; claims against Michels for negligence, gross negligence and negligent misrepresentation; and claims against both Acadia and Michels for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practice Act, breach of the duty of good faith and fair dealing, fraud, conspiracy and aiding and abetting.[1]  Plaintiff claims that Defendants "failed to properly adjust the claims and Defendants [Acadia and Michels]  have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage

---

[1] Plaintiff's Original Petition at § VI.

for those losses such as those suffered by Plaintiff."[2]

6.    Acadia removed to this Court on the basis of diversity of citizenship.  Acadia is not a Texas resident, and the amount in controversy exceeds $75,000.  Although Michels is a Texas resident, Plaintiff failed to allege sufficient specific facts in its Petition against Michels that would support individual liability against him.   Therefore, Michels was improperly joined and his Texas citizenship cannot be considered for purposes of diversity jurisdiction.

### III.    ARGUMENT AND AUTHORITES

7.    Federal law forbids defeating removal jurisdiction by improper joinder of a non-diverse defendant.[3]  The citizenship of the improperly joined defendant is disregarded when determining the court's subject matter jurisdiction.[4]  A defendant is improperly joined when there is no reasonable basis for predicting that state law might impose liability on the resident defendant based on the facts of the case.[5]  A reasonable basis means more than a mere hypothetical basis.[6]

8.    "Whether the plaintiff has stated a valid state law cause of action [against the individual defendant] depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery."[7]  The Fifth Circuit holds that "in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, the plaintiff must demonstrate that the employee, as an individual, committed the violation that caused the harm."[8]  "A controlling state court petition that successfully alleges a recognized cause of action,

---

[2] *Id.* at § V.
[3] *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[4] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).
[5] *See Hornbuckle v. State Farm Lloyd*, 385 F.3d 538, 542 (5th Cir. 2004).
[6] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[7] *Id.*
[8] *Ford v. Prop & Cas. Ins. Co. of Hartford*, 2009 U.S.Dist. LEXIS 114750, 1-2 (S.D. Tex. Dec. 9, 2009)(*citing Hornbuckle*, 385 F.3d at 542).

but fails to also allege facts giving notice of how the defendant's conduct gives rise to the asserted liability lacks the required specificity."[9]

## A.    RECENT TEXAS DECISIONS FIND IMPROPER JOINDER OF ADJUSTERS IN PROPERTY CASES.

9.    "The joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has became a popular tactic."[10]

10.    Texas federal courts have recently applied these principles to reject remand of cases similar to this one based on the improper joinder of individual adjusters.  For example, in *One Way*, Judge Sidney A. Fitzwalter rejected remand, finding that the adjuster for Vericlaim was improperly joined because there was no reasonable basis for the court to predict that One Way might be able to recover against the adjuster. [11]  In *One Way*, the court found that the adjuster could not be held responsible for the violations of the insurance code that were alleged against the adjuster and the insurer.[12]

11.    Similarly, Judge Sim Lake recently held that Liberty Mutual met its burden of proving improper joinder of an adjuster in a Hurricane Ike suit.[13]  In *Finkelman*, Judge Lake

---

[9] *First Baptist Church of Mauriceville v. GuideOne Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 75961 (E.D. Tex. Sept. 29, 2008).

[10] *Gonzalez v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 67979 (N.D. Tex. May 27, 2015); s*ee also*, e.g., *Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at \*1 (N.D. Tex. Sept. 25, 2014)*; *Davis v. Metropolitan Lloyds Ins. Co. of Tex., No. 4:14-CV-957-A, 2015 WL 456726, at \*1 (N.D. Tex. Feb. 3, 2015)* [\*7] ; *-SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No.4:15-CV-213A, 2015 U.S. Dist. LEXIS 61789, 2015 WL 2234912, at \*1 (N.D. Tex. May 12, 2015)*; *Vann v.Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 U.S. Dist. LEXIS 61793, 2015 WL 2250243 at \*1 (N.D. Tex. May 12, 2015)*; *Cano v. Allstate Texas Lloyds, No. 4:15-CV-096-A, 2015 U.S. Dist. LEXIS 63477, at \*1 (N.D. Tex. May 14, 2015)*.

[11] *One Way Investments, Inc. v. Century Surety Co.*, Civil Action No. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014).

[12] *Id.*

[13] *See Finkelman v. Liberty Mut. Fire Ins. Co.*, 2010 U.S.Dist LEXIS 56813 (S.D. Tex. Feb. 4, 2010); and *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. Jan. 20, 2011).

"pierced the pleadings" and held the plaintiff failed to state a claim against the non-diverse, individual adjuster.  Recognizing that, theoretically, an individual adjuster may be held liable under the Insurance Code and DTPA, Judge Lake nevertheless held that the adjuster was improperly joined because the petition failed to "allege facts illustrating what actions are attributable to [the adjuster] individually."[14]

12.     In reaching his conclusion regarding the inadequacy of the Insurance Code allegations, Judge Lake followed numerous similar decisions in the Fifth Circuit that have held that "formulaic recitations" of Insurance Code boilerplate language "that are not accompanied by specific allegations concerning actions of the individual defendant are not sufficient to create a reasonable basis to predict the plaintiff will be able to recover against the individual."[15]

13.     In addition to the Insurance Code allegations, the plaintiff in *Finkelman* sought remand based on a general allegation that the adjuster wrongfully denied and/or underpaid portions of the claim, which stated as follows:

> 4.6     Liberty and Ms. Dinkins wrongfully denied Ms. Finkelman's claim for property repairs.  Furthermore, Liberty and Ms. Dinkins underpaid some of Ms. Finkelman's claims by not providing full coverage under the Policy as well as underestimating damages during the investigation.  Defendants have chose to continue to deny timely payment of the damages to the home.

[14] *Finkelman,* 2010 U.S.Dist LEXIS 56813  at *4.
[15] *Id.* (*citing Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 U.S. Dist. LEXIS 99854 at *3 (S.D.Tex.)(denying motion to remand because petition contained near verbatim recitation of Insurance Code provisions without allegations of specific wrongful acts attributable to the individual adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund insurance Co.*, 2009 U.S.Dist. LEXIS 43420 at 3–4 (N.D. Tex.)(finding improper joinder where allegations were merely "legal conclusions couched as factual allegations" and stating plaintiff alleged no facts showing the adjuster "performed any act that could be construed as the violation of [the Insurance Code].); *GuideOne*, 2009 U.S.Dist LEXIS 127436 at *4 (denying motion to remand because petition must specifically allege "a colorable claim against an adjuster-defendant…coupled with facts indicating that the adjuster's individual role in the alleged events."); *Frisby v. Lumbermen's Mutual Casualty Co.*, 2007 U.S. Dist. LEXIS 60654, at *4 (S.D. Tex.)(holding a complaint alleging violations of the Insurance Code "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster].").  *See also Broadway v. Brewer*, 2009 U.S.Dist LEXIS 43358 (E.D. Tex.)(denying motion to remand because petition merely alleged that the defendants made misrepresentations in violation of the DTPA and the Texas Insurance Code without identifying "a single statement or specific misrepresentation made by [the adjuster]").

Judge Lake held these allegations "failed to state specifically what actions Dinkins took that caused harm to Finkelman."[16]   Judge Lake pointed out that in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, a plaintiff must demonstrate the employee, as an individual, committed the violation that caused the harm.[17]

14.   Moreover, the Southern District found "improper joinder" of a worker's compensation insurance adjuster where the plaintiff failed to "differentiate" between the conduct of the carrier and its adjuster.[18] Judge Harmon again held that the petition in *Jimenez*, among other things, "does not identify any facts showing how and when [the adjuster's] violations the law" and failed to "differentiate between the conduct of the two defendants."[19]   Each of the pleading deficiencies pointed out in these recent cases are also found in the Original Petition in this case.

### B.   PLAINTIFF'S PETITION FAILS TO DISTINGUISH MICHELS' CONDUCT FROM ACADIA'S CONDUCT AND FAILS TO SPECIFY ANY CONDUCT BY MICHELS THAT INJURED PLAINTIFF.

15.   In accusing Michels of wrongdoing, the Original Petition in this case (like the petition in *Finkelman* and *Centro Cristiano Cosecha Final, Inc.*) does no more than track boilerplate Insurance Code language and couch legal conclusions as factual allegations.   The Petition itself shows there is no reasonable basis for this Court to predict that Plaintiff may recover against Michels.

#### i.   Failure to Differentiate

16.   Plaintiff's Petition does not show what Michels did that was wrongful separate and apart from Acadia.   The allegations of wrongful conduct against Michels are

---

[16] *Finkelman,* 2010 U.S.Dist LEXIS 56813 at *4.
[17] *Id.* (*citing Hornbuckle,* 385 F. 3d at 544).
[18] *See Jimenez v. Travelers Indemn. Co.*, 2010 U.S. Dist. LEXIS 28615 at *2–3 (S.D. Tex.).
[19] *Id.*

indistinguishable from Acadia's allegedly wrongful conduct.

ii.    **Failure to Specify Wrongful Individual Conduct**

17.    This Court should note that Acadia is not arguing that Plaintiff is required to allege specific evidentiary facts prior to conducting discovery.  However, if Plaintiff has a claim against Michels, individually, it should be able to articulate, at the very least, a type of conduct that could support a violation against him.  The Petition in this case fails to do even that.

18.    There are no specific facts alleged in Plaintiff's conclusory assertions showing "how [Defendant Michels'] conduct gives rise to" his liability as an individual, as required by Texas law.[20]  Plaintiff's Petition contains nothing other than "legal conclusions couched as factual allegations."[21]

19.    As in *Finkelman*, the Plaintiff's Petition in this case does not "demonstrate that the employee, as an individual, committed the violation that caused the harm."[22]

20.    As in *Finkelman*, the Plaintiff's Original Petition fails to "allege facts illustrating what actions are attributable to [the adjuster] individually."[23]  As in *Jimenez* and the *Frisby* decision, the Petition in this case does not "identify facts showing how and when [the adjuster] violated the law and fails to "differentiate between the conduct of the two defendants."[24]

---

[20] *See First Baptist Church of Mauriceville v. GuideOne Mut. Ins. Co.*, 2008 WL 4533729, at *4 (E.D. Tex. 2008) (Petition that fails to "allege facts giving notice of how the defendant's conduct gives rise to the asserted liability lacks the required specificity").
[21] *See Weldon Contractors, Ltd. v. Firemen's Fund Insurance Co.*, 2009 WL 1437837 at *3–4 (N.D. Tex. 2009)(finding improper joinder where allegations were merely "legal conclusions couched as factual allegations.").
[22] *Id.* (citing *Hornbuckle*, 385 F.3d at 544).
[23] *Id.* at 15.
[24] *Jimenez v. Travelers Indemn. Co.*, 2010 WL 1257802, slip op. at *5-6 (S.D. Tex. March 25, 2010); *Frisby v. Lumberman's Mutual Casualty Co.*, 2007 WL 2300331, at 4 (S.D. Tex. 2007)(holding a complaint alleging violations of the Insurance Code "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]"); *see also Bailey v. State Farm Lloyds*, 2001 WL 34106907, at *4–6 (S.D. Tex. 2001)(finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near verbatim recitations" of the Insurance Code that did not state claims against the adjusters personally because there were no facts

21.     In the Southern District decision of *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, the court held that general allegations that the defendants did the following are not specific enough to avoid wrongful joinder:  (1) underestimated damages; (2) liability was reasonably clear; (3) did not implement reasonable investigative standards; (4) refused to pay without conducting a reasonable investigation; (5) misrepresented policy coverage; (6) failed to acknowledge receipt of the claim; (7) failed to request additional materials; (8) failed to accept or reject the claim within 15 days of receipt of all necessary items; or (9) delayed prompt payment.[25]  The court reasoned that there must be a "reasonable possibility of recovery, not merely a 'theoretical one' against the non diverse defendant."[26]  Since the plaintiff failed to assert fact-specific allegations against the adjuster, the court deemed plaintiff's claims merely theoretical and joinder improper as a result.[27]

22.     Acadia does not, of course, dispute that an adjuster can be held individually liable under the Insurance Code or that Plaintiff has alleged recognizable causes of action under the Insurance Code.  However, Plaintiff failed to allege conduct by Michels that "factually fits" these legal theories.

23.     Plaintiff's allegations provide this Court with no reasonable basis to find that Michels is liable.  Even if Plaintiff proves an allegation against Michels, Plaintiff cannot possibly recover against him **as an individual** under Texas law.  No Texas court has ever actually held an adjuster personally liable on the conclusory grounds such as those stated in the Petition.

24.     Moreover, the type of wrongful conduct for which Texas courts have held individual adjusters liable has not been alleged in this case.  In *Liberty Mutual Ins. Co. v.*

---

alleging what acts were attributable to the adjusters as opposed to the insurance company).
[25] 2009 WL 3602043 at *1 (S.D. Tex. 2009)
[26] *Id.* (emphasis in original).
[27] *Id.* at *3.

*Garrison Contractors, Inc.*, the court held an insurance agent individually liable for affirmative, pre-loss misrepresentations regarding retrospective premium provisions of a commercial multi-lines insurance policy.[28] The Texas Supreme Court specifically emphasized that the agent in that case had "personally carried out the transaction that forms the core of [the insured's] complaint," and that the agent had testified that his job responsibilities included soliciting sales and explaining policy terms and retrospective premium terms to prospective buyers.[29]

25.    This case does not contain any allegations even remotely similar to those.  As the Southern District emphasized in *Jimenez*, the Petition here contains no allegation that the accused adjuster sold the policy, was a sales agent or sales adjuster on the claim, or explained policy terms or premium calculations to the plaintiff as a prospective buyer.[30]

26.    The allegations in the Petition are facially insufficient as a mater of law.

## IV.    CONCLUSION AND PRAYER

27.    Without a specific allegation of actionable conduct, there is no "factual fit" between Plaintiff's allegations and the pleaded theory of recover against Michels.[31]   As in *First Baptist*, in this case "[u]ltimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [Defendant Michels] violated the Insurance Code."[32]   The court may not presume that the Plaintiff could offer additional evidence.[33]   Accordingly, this Court should find that Defendant Michels was improperly joined and his citizenship cannot be relied upon to defeat this Court's diversity jurisdiction.

---

[28] 966 S.W.2d 482, 483–84 (Tex. 1998).
[29] *Id.* at 486.
[30] *Jimenez*, 2010 WL 1257802, slip op. at *5.
[31] *See First Baptist Church of Mauriceville v. Guide One*, 2008 WL 4533729 at *6 (E.D. Tex Sept. 29, 2008).
[32] *Id.*
[33] *Id.* at *4.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**


By:  /s/ Michael S. Beckelman
      Michael S. Beckelman
      Attorney In Charge
      State Bar No. 24042401
      michael.beckelman@wilsonelser.com
      909 Fannin Street, Suite 3300
      Houston, Texas 77010
      Ph. (713) 353-2000
      Fx. (713) 785-7780

      **ATTORNEYS FOR DEFENDANT:
      ACADIA INSURANCE COMPANY**


### CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing instrument was served on all counsel in accordance with the Federal Rules of Civil Procedure via certified mail, return receipt requested and/or via facsimile on the 31st day of July, 2015:

Ben Crowell
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, TX 78232


       /s/ Michael S. Beckelman
       Michael S. Beckelman