

**User Name:**  MICHELLE SCHEIFFELE
**Date and Time:**  Jul 29, 2015    1:22 p.m. EDT
**Job Number:**  22308978

## Document(1)

1. *Plascencia v. State Farm Lloyds, 2014 U.S. Dist. LEXIS 135081*
   **Client/Matter:**  99998.03242 3242
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

APPENDIX TO REMOVAL

| About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2015 | LexisNexis.
MICHELLE SCHEIFFELE

⚠️ **Caution**
As of: July 29, 2015 1:22 PM EDT

# *Plascencia v. State Farm Lloyds*

United States District Court for the Northern District of Texas, Fort Worth Division

September 25, 2014, Decided; September 25, 2014, Filed

NO. 4:14-CV-524-A

**Reporter**
2014 U.S. Dist. LEXIS 135081

JOSE PLASCENCIA, Plaintiff, vs. STATE FARM LLOYDS and FELICIANO GALLEGOS, Defendants.

## Core Terms

allegations, state court, removal, cause of action, requirements, improper joinder, joined, insurance adjuster, plaintiff's claim, fraudulent, diversity of citizenship, federal court, damages, pleaded, repair, badge, factual allegations, insurance company, misrepresentations, diversity, joinder, defeat

**Counsel:** [*1] For Jose Plascencia, Plaintiff: Benjamin B Doherty, LEAD ATTORNEY, Speights & Worrich, San Antonio, TX; Jacey Lynn Hornecker, Speights & Worrich, Dallas, TX.

For State Farm LLoyds, Defendant: Rhonda J Thompson, LEAD ATTORNEY, Thompson Coe Cousins & Irons, Dallas, TX; Adrienne Hamil Hamil, Thompson Coe Cousins & Irons LLP, Dallas, TX.

**Judges:** JOHN McBRYDE, United States District Judge.

**Opinion by:** JOHN McBRYDE

## Opinion

MEMORANDUM OPINION and ORDER

Before the court for consideration and decision is the motion of plaintiff, Jose Plascencia, to remand. After having considered such motion and supporting brief, the response of defendant State Farm Lloyds ("State Farm"), the entire record of the above-captioned action, and pertinent legal authorities, the court has concluded that the motion to remand should be denied and plaintiff's purported claims against defendant Feliciano Gallegos ("Gallegos") should be dismissed.

I.

Background

This action was initiated in the District Court of Tarrant County, Texas, 48th Judicial District, on June 2, 2014, by the filing by plaintiff of his complaint naming as defendants State Farm and Gallegos.[1] State Farm was served with suit papers on June 5, 2014. Notice of Removal, App., Ex. G. Suit [*2] papers were sent by certified mail to Gallegos in early June 2014, but the mailing was returned July 1, 2014, with the notation "Return to Sender, Unclaimed, Unable to Forward, Return to Sender." Id., Ex. I. Apparently there has been no further attempt to cause process to be served on Gallegos.

State Farm removed this action from state court to this court by the filing of a notice of removal on July 3, 2014. It relied on diversity of citizenship subject matter jurisdiction as contemplated by *28 U.S.C. § 1332(a)*, pleading that plaintiff is a citizen of Texas, that State Farm is a citizen of states other than Texas, and that Gallegos's Texas citizenship should be disregarded for diversity jurisdiction purposes because he was fraudulently joined as a defendant in this action. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

On August 7, 2014, plaintiff filed his motion to remand asking that the case be remanded to the state court because of lack [*3] of complete diversity of citizenship. Plaintiff argued that Gallegos was not fraudulently joined inasmuch as plaintiff had alleged at least one cause of action against Gallegos--a cause of action for violation of a part of the Texas Insurance Code. Mot. to Remand, Br. at 6, § 2.

State Farm responded that it correctly asserted in its notice of removal that Gallegos was improperly joined as a

---

[1] The practice in Texas state courts is to refer to the plaintiff's pleading as a "petition" rather than a complaint. For convenience, the court, consistent with federal practice, is referring to plaintiff's pleading as a complaint.

defendant because (1) plaintiff has failed to serve Gallegos with process, evidencing a lack of intent to pursue a claim against Gallegos, and (2) in any event, plaintiff's pleadings failed to state a cause of action against Gallegos upon which relief can be granted, with the consequence that Gallegos's citizenship in the State of Texas should be disregarded in the determination of whether a complete diversity of citizenship exists.

II.

Plaintiff's Complaint

This lawsuit was brought by plaintiff to recover benefits from State Farm under a State Farm insurance policy issued to plaintiff. Plaintiff alleged that the insurance policy covered roof and water damage plaintiff's property sustained as a result of a wind and hail storm, and that State Farm has not paid plaintiff the amount he claims State Farm should [*4] have paid him for his property damage. Other than naming Gallegos as a party on page two of the complaint and including his name in headings on pages 8, 11, 12, 13, 15, and 17 of the complaint, the only mentions made by plaintiff of Gallegos by name throughout the complaint were in the following allegations:

> G. Defendant Gallegos was the agent for State Farm and represented State Farm in regard to Plaintiff's claim. Gallegos also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Gallegos acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Gallegos is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Gallegos acted as the agent and representative for State Farm in this claim.
>
> H. Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate [*5] did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Gallegos also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following [*6] Gallegos's advice. Plaintiff's Property has sustained further damages as a result.
>
> I. Defendants State Farm and Gallegos misrepresented that the damages caused by the wind and hailstorm were only $2,491.79. However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $36,000.00.
>
> J. Defendants State Farm and Gallegos failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.
>
> K. These false representations alleged Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

Compl. at 3-5, ¶¶ G-K.

Allegations that "defendants" did or failed to do something, without specifying the true actor about which complaint was being made, appear throughout the complaint.

III

Analysis

A. Pertinent Improper Joinder Principles

For a case to be removable based on diversity of citizenship, the removing defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in *28 U.S.C. § 1332(a)* are satisfied. One of the requirements is that there be complete diversity of citizenship, [*7] which, of course, means that removal to federal court is not permitted if the plaintiff and a properly joined defendant are citizens of the

same state. When, as here, the plaintiff has joined as a defendant a person whose presence, if proper, would cause there not to be a complete diversity of citizenship, the removing defendant has the burden to establish that the joinder was improper.

In Smallwood v. Illinois Central Railroad Co., the Fifth Circuit confirmed that there are two ways to establish improper joinder, "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *385 F.3d 568, 573 (5th Cir. 2004)*. When the second way is relied on by the removing defendant,

> the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Id. One method of resolving the issue is for the court to "conduct a *Rule 12(b)(6)*-type analysis, looking initially at the allegations **[*8]** of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.

B. The *Rule 12(b)(6)*-Type Analysis

1. The Pleading Standards to be Applied

There are conflicting court decisions as to which standards, state or federal, a court should apply in examining plaintiff's state court pleading when making the *Rule 12(b)(6)*-type analysis. Judges in the Eastern District of Texas have applied the federal pleading standards. See *Studer v. State Farm Lloyds, No. 4:13-CV-413, 2013 U.S. Dist. LEXIS 183915, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014)*. The same is true of at least one decision in the Western District of Texas. See *Strickland v. Aaron Rents, Inc., No. EP-05-CA-13-DB, 2005 U.S. Dist. LEXIS 17948, 2005 WL 2035528, at *3 (W.D. Tex. Aug. 22, 2005)*. In contrast, judges of the Northern District of Texas have used Texas law in making the analysis. See, e.g., *Jones v. Allstate Ins. Co., No. 3:13-CV-4027-BN, 2014 U.S. Dist. LEXIS 13398, 2014 WL 415951, at *3 (N.D. Tex. Feb. 4, 2014)*; *Weber Paradise Apts., LP v. Lexington Ins. Co., No. 3:12-CV-5222-L, 2013 U.S. Dist. LEXIS 72892, 2013 WL 2255256, at *5 (N.D. Tex. May 23, 2013)*; *Yeldell v. GeoVera Specialty Ins. Co., No. 3:12-CV-1908-M, 2012 U.S. Dist. LEXIS 160499, 2012 WL 5451822, at *2-3 (N.D. Tex. Nov. 8, 2012)*. Judges in the Southern District likewise have applied Texas law. *Marquez v. Allstate Tex. Lloyds, No. H-13-3644, 2014 U.S. Dist. LEXIS 23081, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014)*; *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co., No. H-10-1846, 2011 U.S. Dist. LEXIS 6541, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011)*.[2]

The courts that have applied the federal pleading standards have treated the standards to be a matter of procedure, to be governed by federal law once the case has been transferred to federal court. The courts that have applied the state law standards have concluded that it would be unfair to a plaintiff who has filed a suit in the state court to be bound by federal pleading standards in a determination of whether the pleading states a claim upon which relief can be granted.

The court has concluded that by reason of a recent amendment to the Texas Rules of Civil Procedure the issue of federal standards versus state standards now is somewhat moot. In September 2011 the Texas legislature amended *§ 22.004 of the Texas Government Code* to add a requirement that the Texas Supreme Court "adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." *Tex. Gov't Code § 22.004(g)* (West Supp. 2014). In response, the Texas Supreme Court adopted in 2013 *civil Rule 91a* governing dismissal of baseless causes of action, which provides in its *91a.1* subpart as follows:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action **[*10]** has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Tex. R. Civ. P. 91a.1* (West Supp. 2014).

Thus, Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of *Rule 8(a)(2) of the Federal Rules of Civil Procedure*, as that rule was interpreted and applied by the Supreme Court in *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, and *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868*

---

[2]  The Fifth Circuit in its unpublished opinion in De La Hoya v. Coldwell Banker Mexico, Inc., applied the **[*9]** Texas pleading standards. *125 F. App'x 533, 537-38 (5th Cir. 2005)*.

MICHELLE SCHEIFFELE

*(2009)*. Judge Lindsay of this district recognized the effect of the new Texas *Rule 91a* in his Bart Turner & Assoc. v. Krenke decision when he, while applying the Texas pleading standards, noted that the allegations of the pleading now must be examined "in the context of *Rule 91a*." *No. 3:13-CV-2921-L, 2014 U.S. Dist. LEXIS 44082, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014)*. In Sazy v. Depuy Spine, Inc., the court said with reference to the new Texas *Rule 91a* that "[t]his new rule now allows a state court to do what a federal court is allowed to do under *Federal Rule of Civil Procedure 12(b)(6)*." *No. 3:13-CV-4379-L, 2014 U.S. Dist. LEXIS 130789, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014)*.

Now that the Texas pleading standards have, essentially, been brought into line with the federal standards, the court is making its ruling on the basis of the case law applicable to the federal standards.[3] *Rule 8(a) (2) of the Federal Rules of Civil Procedure* provides, in a general way, the applicable [*11] federal standards of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Fed. R. Civ. P. 8(a)(2)*, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly, 550 U.S. at 555* (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by *Rule 8* requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Id. at 555 & n.3*. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See *Ashcroft v. Iqbal, 556 U.S. at 679* ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. *Id. at 678*. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations [*12] that are merely consistent with unlawful conduct are insufficient. *Twombly, 550 U.S. at 566-69*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, 556 U.S. at 679*.

In Waters v. State Farm Mutual Automobile Insurance Co., Judge Harmon took into account in her *§ 12(b)(6)* analysis in an improper joinder case the pleading requirements for fraud prescribed by *Rule 9(b) of the Federal Rules of Civil Procedure*. *158 F.R.D. 107, 108-09 (1994)*. The Fifth Circuit has made clear that *Rule 9(b)* requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of any alleged fraud. *United States ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450, 453 (5th Cir. 2005)* (internal quotation marks omitted). The particularity requirements of *Rule 9(b)*, as the Fifth Circuit applies the Rule, "requir[e] a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)* (internal quotation marks omitted). In Williams v. WMX Techs., Inc., the Fifth Circuit explained that "[p]leading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation [*13] and what [that person] obtained thereby." *112 F.3d 175, 177 (5th Cir. 1997)* (internal quotation marks omitted).

2. The Complaint Fails to Pass a *Rule 12(b)(6)* - Type Analysis as to Gallegos

The instant action is but another of a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in the lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court.[4]

"Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition

---

[3]   The court has been unable to find a Texas state court decision interpreting or applying Texas Rule 91a.

[4]   Examples of cases in which the courts ruled that the joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are Griggs v. State Farm Lloyds, 181 F.3d 694 (5th Cir. 1999); Messersmith v. Nationwide Mut. Fire Ins. Co., No. 3:13-CV-4101-P, 10 F. Supp. 3d 721, 2014 U.S. Dist. LEXIS 49211, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014); Bart Turner & Assoc. v. Krenke, No. 3:13-CV-2921-L, 2014 U.S. Dist. LEXIS 44082, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014); Marquez v. Allstate Texas Lloyds, No. H-13-3644, 2014 U.S. Dist. LEXIS 23081, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014); Jones v. Allstate Ins. Co., No. 3:13-CV-4027-BN, 2014 U.S. Dist. LEXIS 13398, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014); Studer v. State Farm Lloyds, No. 4:13-CV-413, 2013 U.S. Dist. LEXIS 183915, 2014 WL 234352 (E.D. Tex. Jan. 21, 2014); Weber Paradise Apartments, LP v. Lexington Ins. Co., No. 3:12-CV-5222-L, 2013 U.S. Dist. LEXIS 72892, 2013 WL 2255256 (N.D. Tex. May 23, 2013); DeCluette v. State Farm Lloyds, No. 3:12-CV-4449-B, 2013 U.S. Dist. LEXIS 21942, 2013 WL 607320 (N.D. Tex. Feb. 19,

does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Studer v. State Farm Lloyds, 2013 U.S. Dist. LEXIS 183915, 2014 WL 234352, at \*4* (citing *Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999))*. Therefore, the court is giving no effect to the repeated references in the complaint to "defendants" inasmuch as the court can only speculate as to whether plaintiff intends to refer to Gallegos along with State Farm in those instances. Obviously, allegations such as the failure to pay plaintiff's claim cannot be directed against Gallegos inasmuch as there is no allegation that Gallegos had any claim-payment obligation.

The court's attention thus turns to the allegations in which Gallegos is **[\*15]** named--the allegations that are set forth on pages 4-5 of this memorandum opinion and order. Those allegations against Gallegos are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a right of relief against Gallegos that is plausible.

While some of plaintiff's conclusory allegations against Gallegos are couched as factual allegations, a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of Gallegos's conduct, bearing in mind that ultimately State Farm, not Gallegos, would have made the decision as to whether to pay, and what to pay, plaintiff. In a factually similar case, Griggs v. State Farm Lloyds, the Fifth Circuit found significant that the insured-plaintiff's "factual allegations and his articulation of his legal claims focus solely upon State Farm Lloyd's conduct in the processing and ultimate denial of his claim." *181 F.3d 694, 699 (5th Cir. 1999)*. The same is true here. Notwithstanding plaintiff's boilerplate allegations against Gallegos, plaintiff's focus, and true complaint, has to do with State Farm's failure **[\*16]** to pay plaintiff what plaintiff says he should receive under the terms of his insurance policy.

For the foregoing reasons, the court has concluded from its *Rule 12(b)(6)*-type analysis that plaintiff's pleading fails to state a claim against Gallegos and that there is no reasonable basis for the court to predict that plaintiff might be able to recover from Gallegos.[5]

Not only has plaintiff's pleading against Gallegos not survived the *Rule 12(b)(6)*-type analysis, there is reason to conclude that something in the nature of actual fraud exists in plaintiff's joinder of Gallegos as a defendant, a subject to which the court now turns.

C. Badges of Improper Joinder That Exist Here

The deciding courts have noted in certain opinions badges of improper joinder that weighed in favor of a decision that an insurance adjuster or other employee or contractor for an insurance company had been improperly joined with the insurance company **[\*17]** for the purpose of defeating removal.

One is the use by the insured-plaintiff of "a standard form petition developed for use in similar cases" which appears "purposefully designed to defeat federal court jurisdiction." See *Dougherty v. State Farm Lloyds, No. 4:01-CV-611-A, 2001 U.S. Dist. LEXIS 13849, 2001 WL 1041817, at \*2 (N.D. Tex. Aug. 30, 2001)*; see also *Studer v. State Farm Lloyds, 2013 U.S. Dist. LEXIS 183915, 2014 WL 234352, at \*4*. In the instant action, that badge of improper joinder is vividly demonstrated to be present by the nearly identical worded complaints (petitions) that are found in the appendix to the response to the motion to remand. Those pleadings, all of which were prepared and filed in state court by the same group of lawyers, are pure boilerplate.

---

2013); Yeldell v. GeoVera Specialty Ins. Co., No. 3:-12-CV-1908-M, 2012 U.S. Dist. LEXIS 160499, 2012 WL 5451822 (N.D. Tex. Nov. 8, 2012); Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co., No. H-10-1846, 2011 U.S. Dist. LEXIS 6541, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011); Moore v. Travelers Indem. Co., No. 3:10-CV-1695-D, 2010 U.S. Dist. LEXIS 129073, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010) **[\*14]** ; Jimenez v. Travelers Indem. Co., No. H-09-1308, 2010 U.S. Dist. LEXIS 28615, 2010 WL 1257802 (S.D. Tex. Mar. 25, 2010); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., No. 4:09-CV-165-A, 2009 U.S. Dist. LEXIS 43420, 2009 WL 1437837 (N.D. Tex. May 22, 2009); First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008); Dougherty v. State Farm Lloyds, No. 4:01-CV-611-A, 2001 U.S. Dist. LEXIS 13849, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001).

The court does not mean to suggest that there are not court decisions that have held that there was not improper joinder in similar situations. Examples of opinions holding that the joinder was not improper are cited in Weldon Contractors, Ltd., 2009 U.S. Dist. LEXIS 43420, 2009 WL 1437837, at \*4.

[5] In addition to the pleading shortcomings discussed in the text, the allegations by plaintiff that Gallegos made misrepresentations or false representations fail to comply with the pleading requirements of **Rule 9(b) of the Federal Rules of Civil Procedure** because the specificity required by that rule for the pleading of fraudulent conduct is absent.

A comparison of the wordings of paragraphs G, H, I, J, and K of the five complaints in the appendix to defendant's response discloses that they are identically worded except for differences in some of them of the names of the non-diverse insurance adjusters. Resp., App. at 3-5, 24-25, 44-46, 65-66, 85-86. The fact that those boilerplate pleadings, used by the same law firm in a multitude of state court suits, always have named as a defendant the Texas citizen insurance adjuster, all of whom were alleged in the boilerplate to have engaged in identical conduct, provides a strong [*18] suggestion that in each of those cases the filing law firm set upon a course of trying to prevent removal to federal court.

Another badge of improper joinder is the failure of the plaintiff to cause service of process to be accomplished on the defendant whose presence is a potential impediment to removal to federal court. See *Griggs v. State Farm Lloyds, 181 F.3d at 699*; *Dougherty v. State Farm Lloyds, 2001 U.S. Dist. LEXIS 13849, 2001 WL 1041817, at \*2*; *Studer v. State Farm Lloyds, 2013 U.S. Dist. LEXIS 183915, 2014 WL 234352, at \*5*; *DeCluette v. State Farm Lloyds, No. 3:12-CV-4449-B, 2013 U.S. Dist. LEXIS 21942, 2013 WL 607320, at \*3 (N.D. Tex. Feb. 19, 2013)*; *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961, 2008 WL 4533729, at \*3 (E.D. Tex. Sept. 29, 2008)*. In the instant action, Gallegos has not been served with process. The court can find no evidence that any attempt has been made to accomplish service of process on Gallegos since this action was removed to this court about three-and-a-half months ago. Apparently the only attempt to accomplish service on Gallegos while the action was pending in the state court was the unsuccessful mailing to Gallegos of a copy of a state court process in June 2014, which was returned shortly thereafter with a notation that the postal service was unable to deliver the item. If plaintiff genuinely intended to pursue an action against Gallegos, his attorneys certainly would have taken steps to cause Gallegos to be served by now.

Another badge [*19] of improper joinder that has been noted is the absence of any plausible reason for suing the Texas citizen other than to defeat diversity. See *Jimenez v. Travelers Indem. Co., Civil Action No. H-09-1308, 2010 U.S. Dist. LEXIS 28615, 2010 WL 1257802, at \*5 (S.D. Tex. Mar. 25, 2010)*. There does not appear to be any reason in the instant action why Gallegos would have been joined as a defendant other than to defeat diversity jurisdiction. Presumably State Farm is solvent and would be able to respond to whatever judgment might be entered against it. There is no suggestion that a recovery by plaintiff against Gallegos would provide any financial gain to plaintiff. Gallegos's presence as a defendant, if he were kept in the lawsuit, could be to plaintiff's detriment--there could be another defense attorney opposing plaintiff, and the presence of the individual insurance adjuster as a defendant could generate sympathy for the defense that would not exist if State Farm were the only defendant.

While the court is not treating any one of the badges of improper joinder as determinative, their combination in this action is persuasive that plaintiff and his lawyers are not serious in the assertion of the claims they purport to be asserting against Gallegos, and that they joined him as a defendant solely for the purpose of defeating [*20] federal court jurisdiction.

D. Conclusion

For the reasons given above, the court has concluded that plaintiff's motion to remand should be denied and that plaintiff's purported claims and causes of action against Gallegos should be dismissed because of the failure of the complaint to state a claim or cause of action against him upon which relief can be granted.

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes, of action asserted by plaintiff against Gallegos be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward State Farm is the only defendant in this action and that the style of this action shall be "Jose Plascencia, Plaintiff, v. State Farm Lloyds, Defendant."

/s/ John McBryde

JOHN McBRYDE

United States District Judge